UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-351 (MJD/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | PRELIMINARY ORDER |
| v. ) | OF FORFEITURE |
| ) | |
| KENNETH JOHN GASTECKI, ) | |
| ) | |
| Defendant. ) | |

Based on the United States' motion for a Preliminary Order of Forfeiture; the Affidavit of Shane A. Ball; and on the Court's determination that based on the defendant's guilty plea and on all of the files and records of this proceeding, the government has established the requisite nexus between the property described below and the offense to which the defendant has pled guilty,

IT IS HEREBY ORDERED that:

1.   The Motion of the United States for a Preliminary Order of Forfeiture [Docket No. 33] is GRANTED;

2.   The following property is forfeited to the United States pursuant to 18 U.S.C. § 2253(a):

   a.   a Western Digital External Hard Drive, Serial No. WCAUF2214395;

   b.   a Dell Dimension 8250 Desktop Computer, Serial No. BC8S821; and

   c.   a Acer Aspire M1100 Desktop Computer, Serial No. PTS890X1338280DD732703;

    3.    The Attorney General or his authorized designee may seize the foregoing property and maintain custody and control of the property pending the entry of a Final Order of Forfeiture;

    4.    The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

    5.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

    6.    Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee; and

    7.    This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated:    June 20, 2012        <u>s/ Michael J. Davis</u>
                                            Michael J. Davis, Chief Judge
                                            United States District Court